0685

2005R-27263

After recording, return to:
**Joyce Mayo, Legal Department**
Midland Loan Services, Inc.
P. O. Box 25965
Shawnee Mission, KS 66225-5965

REGISTER OF DEEDS
WYANDOTTE COUNTY, KS

RECORDED ON
10/18/2005 02:08:16PM

REC FEE: 12.00
DEED FEE:
QUIT CLAIM FEE:
TECHNOLOGY FEE: 8.00
PAGES: 4

Bk:5094 Pg:108 111

LIMITED POWER OF ATTORNEY
TO MIDLAND LOAN SERVICES, INC.
FROM WELLS FARGO BANK, N.A.,
TRUSTEE FOR CERTIFICATEHOLDERS OF
CBA COMMERCIAL ASSETS, LLC
SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2005-1

KNOW ALL BY THESE PRESENTS:

WHEREAS, CBA Commercial Assets, LLC, as Depositor, Midland Loan Services, Inc., as Servicer and Special Servicer (hereafter "Servicer"), and Wells Fargo Bank, N.A., as Trustee, entered into a Pooling and Servicing Agreement dated as of July 1, 2005 (the "PSA"), pertaining to a securitization trust formed for the benefit of the Certificateholders of CBA Commercial Assets Small Balance Commercial Mortgage Pass-Through Certificates Series 2005-1, and which provides in part that the Servicer shall administer and service certain "Mortgage Loans" and provide services to "Borrowers" as those terms are defined in the PSA, for the benefit of the Trustee in accordance with the terms of the PSA and the respective Mortgage Loans; and

WHEREAS, pursuant to the terms of the PSA, the Servicer is granted certain powers, responsibilities and authority in connection with its servicing and administration of the Mortgage Loans subject to the terms of the PSA; and,

WHEREAS, Trustee has been requested by the Servicer pursuant to Section 3.01(b) of the PSA to grant this Limited Power of Attorney to Servicer to enable Servicer to execute and deliver, on behalf of the Trustee, certain documents and instruments related to the Mortgage Loans thereby empowering Servicer to take such actions as it deems necessary to comply with its servicing, administrative and management duties under and in accordance with the PSA.

NOW, THEREFORE, KNOW ALL BY THESE PRESENTS:

Wells Fargo Bank, N.A., a nationally chartered bank, whose corporate trust services office address is 9062 Old Annapolis Road, Columbia, Maryland 21045-1951, solely in its capacity as trustee for the holders of the above referenced securitization trust (in such capacity hereinafter called "Trustee") under the PSA, and not in its corporate capacity, does make, constitute and appoint Midland Loan Services, Inc., a Delaware corporation, with principal corporate offices at 10851 Mastin Boulevard, Suite 700, Overland Park, Kansas 66210, as Servicer, Trustee's true and lawful agent and attorney in fact with respect to the Mortgage Loans and each mortgaged property and related collateral (the "Mortgaged Property") held by the Trustee to secure the obligations of the Mortgage Loan in its capacity as Trustee, and in Trustee's name, place and stead, to prepare, complete, execute, deliver, record and file on behalf of the Certificateholders and the Trustee (i) customary consents or waivers and other instruments and documents including, without limitation, estoppel certificates, financing statements, continuation statements, title endorsements and reports and other documents and instruments necessary to preserve and maintain the validity, enforceability, perfection and priority of the lien on the Mortgaged Property; (ii) to consent to assignments and assumptions or substitutions, and transfers of interest of any Borrower,

in each case subject to and in accordance with the terms of the Mortgage Loan and subject to the provisions of the PSA; (iii) to collect any insurance proceeds, condemnation proceeds and liquidation proceeds in accordance with the terms of the Mortgage Loan; (iv) to consent to any subordinate financing to be secured by any Mortgaged Property to the extent that such consent is required pursuant to the terms of the Mortgage Loan or which otherwise is required under the PSA; (v) to consent to the application of any proceeds of insurance policies or condemnation awards to the restoration of the related Mortgaged Property or to repayment of the Mortgage Loan or otherwise, in each case in accordance with the terms of the Mortgage Loan; (vi) to execute any and all instruments necessary or appropriate for judicial or nonjudicial foreclosure of, the taking of a deed in lieu of foreclosure with respect to, or the conversion of title to any Mortgaged Property securing a Mortgage Loan owned by the Trustee and serviced by the Servicer for the Trustee, and, consistent with the authority granted by the PSA, to take any and all actions on behalf of the Trustee in connection with maintaining and defending the enforceability of such Mortgage Loan obligation and the collection thereof including, without limitation, the execution of any and all instruments necessary or appropriate in defense of and for the collection and enforcement of said Mortgage Loan obligation in accordance with the terms of the PSA; (vii) to execute and deliver documents relating to the management, operation, maintenance, repair, leasing and marketing of the Mortgaged Properties, including agreements and requests by the Borrowers with respect to modifications of the management of the Mortgaged Properties or the replacement of managers; (viii) to exercise all rights, powers and privileges granted or provided to the holder of the Mortgage Loan under their respective terms including all rights of approval and consent thereunder; (ix) to enter into lease subordination agreements, non-disturbance and attornment agreements or other leasing or rental arrangements which may be requested by the Borrowers or their tenants in accordance with the terms of the Mortgage Loan; (x) to join the Borrowers in granting, modifying or releasing any easements, covenants, conditions, restrictions, equitable servitudes, or land use or zoning requirements with respect to the Mortgaged Properties to the extent such does not adversely affect the value of the Mortgaged Property; (xi) to execute and deliver, on behalf of the Trustee, any and all instruments of satisfaction or cancellation, or of partial or full release or discharge and all other comparable instruments, with respect to the Mortgage Loan and the Mortgaged Property; (xii) to make draws on any letters of credit standing as collateral under the Mortgage Loan; and (xiii) to apply amounts in the various escrow accounts set up under the Mortgage Loans pursuant to the terms provided for therein.

## ARTICLE I

The enumeration of particular powers hereinabove is not intended in any way to limit the grant to Servicer as the Trustee's attorney in fact of full power and authority with respect to the Mortgage Loans to execute and deliver any such documents, instrument or other writing, as fully, to all intents and purposes, as Trustee might or could do if personally present, hereby ratifying and confirming whatsoever such attorney in fact shall and may do by virtue hereof; and Trustee agrees and represents to those dealing with such attorney in fact that they may rely upon this power of attorney until termination of the power of attorney under the provisions of Article III below. As between and among Trustee, the Certificateholders, the Trust, and the Servicer, Servicer may not exercise any right, authority or power granted by this instrument in a manner which would violate the terms of the PSA or the servicing standard imposed on the Servicer by the PSA, but any and all third parties dealing with Servicer as Trustee's attorney in fact may rely completely, unconditionally and conclusively on Servicer's authority and need not make inquiry about whether Servicer is acting pursuant to the PSA or such standard. Any purchaser, title company, recorder's office or other third party may rely upon a written statement by Servicer that any particular loan or property in question and the release thereof is subject to and included under this power of attorney and the PSA.

ARTICLE II

An act or thing lawfully done hereunder by Servicer shall be binding on Trustee and Trustee's successor and assigns.

ARTICLE III

This power of attorney shall continue in full force and effect until the earliest occurrence of any of the following events, unless sooner revoked in writing by the Trustee:

(i) the suspension or termination of this Limited Power of Attorney by the Trustee;

(ii) the transfer of servicing under the PSA from Servicer to another servicer;

(iii) the appointment of a receiver or conservator with respect to the business of Servicer; or

(iv) the filing of a voluntary or involuntary petition in bankruptcy by or against Servicer.

Nothing herein shall be deemed to amend or modify the PSA or the respective rights, duties or obligations of the Trustee, or Servicer thereunder, and nothing herein shall constitute a waiver of any rights or remedies thereunder.

IN WITNESS WHEREOF, the Trustee has caused this instrument to be executed and its corporate seal to be affixed hereto by its officer duly authorized as of the 10 day of October, 2005.

Wells Fargo Bank, N. A., Trustee for Certificateholders of CBA Commercial Assets Small Balance Commercial Mortgage Pass-Through Certificates Series 2005-1 (and not in its corporate capacity)

(SEAL)

By: [signature]

Name: Judith J. Rishel
Vice President

Title: __________

ATTEST:

[signature]
~~Secretary or~~ Assistant Secretary Ty WILKINS

STATE OF Maryland )
) ss.
COUNTY OF Howard )

On this 10 day of October, 2005, before me personally appeared Judith J Rishel, to me personally known, who, being by me duly sworn, did acknowledge and say that s/he is the Vicepresident of Wells Fargo Bank, N.A., a nationally chartered banking organization, as Trustee for CBA Commercial Assets Small Balance Commercial Mortgage Pass-Through Certificates Series 2005-1, and that the seal affixed to the foregoing

instrument is the corporate seal of said entity by authority of its board of directors, and said officer did acknowledge said instrument to be the free act and deed of said entity.

Kathleen A Dean
Notary Public
My Commission expires: 2/1/09

KATHLEEN A. DEAN NOTARY PUBLIC Howard Co., Maryland

State of Kansas, County of Wyandotte, SS.
I, do here by certify that the foregoing is a true & correct copy of an instrument of writing filed in this office on the 18 day of October 2005 as the same appears of record in book 5094 at page 108.
Witness my hand & seal, the 18 day of October 2005

Register of Deeds/Deputy