IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-108-01S |
| | ) | |
| RAFAEL SANTOS | ) | |

**STIPULATED EXPEDITED SETTLEMENT AGREEMENT**

IT IS HEREBY STIPULATED by and between the United States of America (hereinafter "plaintiff"), and the claimant, Wells Fargo Bank, N.A., as Trustee for the registered Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2005-1 (hereinafter "Lender/Noteholder" or "claimant") to compromise and settle its claim according to the following terms:

1. The parties hereby stipulate that any violations of 21 U.S.C. § 841 and 846 involving the property located at 989-993 Broad Street, Providence, Rhode Island (hereinafter "the property") occurred without the knowledge and consent of Lender/Noteholder.

2. The plaintiff agrees that from the proceeds of the sale of the property, after payment of a broker's commission, outstanding taxes, and the expenses incurred by the United States Marshals Service in connection with its custody and sale of the property, it will pay the Lender/Noteholder the following:

a. all unpaid principal due to the claimant under the May 17, 2005 note attached hereto as Exhibit A, which note is secured by a mortgage, recorded in the official records of the City of Providence, Rhode Island, in the Office of the Recorder of Deeds, and attached hereto as Exhibit B, that is, $377,528.88 as of April 10, 2006.

b. all unpaid interest at the contractual rate under the above mortgage instrument, that is, $14,206.62 as of April 10, 2006 assessed at $74.77 per diem until the date of payment; and

c. all unpaid casualty insurance premiums or maintenance fees made or advanced by Lender/Noteholder for the property from April 7, 2006 to the date of payment.

3. The payment to Lender/Noteholder shall be in full settlement and satisfaction of any and all claims by claimant to the property and all claims resulting from the incidents or circumstances giving rise to this forfeiture action. The payment shall not prevent claimant from instituting legal action against the defendant, Rafael Santos, for any deficiency remaining after the payment of the above from the proceeds of the sale of the property or any amounts expended by claimant that are not covered by this stipulation.

4. Upon payment, Lender/Noteholder agrees to assign and convey its security interest to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by claimant and its agents which currently exist or which may arise as of or prior to the date hereof as a result of the government's action against the property.

5. Any rental payments collected by the United States Marshals Service from the tenants of the property prior to the sale of the property, shall be paid to Lender/Noteholder to be applied toward the outstanding balance of the mortgage.

6. As a part of settlement, Lender/Noteholder agrees not to pursue against the United States any other rights that it may have under the mortgage instrument including but not limited to the right to initiate a foreclosure action.

7. Lender/Noteholder agrees, at no cost to claimant and to the extent required, to join any reasonable government motions for interlocutory or stipulated sale of the property and any motions to remove occupants from the property who fail to abide by the terms of an occupancy agreement, within ten (10) days of claimant's receipt of the motion(s).

8. Lender/Noteholder understands and agrees that by entering into this expedited settlement of its interests in the property, it waives any rights to further litigate against the United States its interest in the property and to petition for remission or mitigation of the forfeiture. Unless specifically directed by order of this court, Lender/Noteholder is hereby excused and relieved from further participation in this action.

9. The parties agree to execute further documents, to the extent necessary, to convey clear title to the property to the United States and to further implement the terms of this settlement.

10. The U.S. Attorney reserves the right to void the expedited settlement agreement if, before payment of the mortgage, the U.S. Attorney obtains new information indicating that the claimant is not an "innocent owner" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in his discretion, to terminate this forfeiture action at any time and release the subject property. In either event, the U.S. Attorney shall promptly notify the claimant of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465.

11. The terms of this settlement agreement are contingent upon the entry of a final forfeiture order against the property. Further, the terms of this settlement agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an order of the court.

DATED this 20th day of June, 2006.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

WELLS FARGO BANK, N.A., as Trustee for the registered Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2005-1,
Claimant

By its attorney,

ARMANDO E. BATASTINI (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

ORDER

This Stipulated Expedited Settlement is hereby APPROVED.

DATED this 22d day of June, 2006.

WILLIAM E. SMITH
UNITED STATES DISTRICT JUDGE